Geeen, J.
delivered the opinion of the court.
This action is brought to recover the value of work and labor performed by Pullen for Whitaker in building a mill.
It appears from the proof, that Pullen undertook to build a mill for Whitaker, which should grind from ten to fifteen bushels in low water per day, and in a flush tide from forty to fifty bushels; and if it should not grind so much he was to have nothing for his labor.
The mill was constructed, and if it had performed according to the contract, was worth $460; but the stream was a very weak one, and the quantities of grist the mill could be made to grind per day, fell far short of that which Pullen undertook it should do.
The evidence is confradictory as to the character of the work, the performance of the mill, and the reasons why it could not grind so much, as Pullen had engaged it should.
Whitaker took possession of the mill, and had used it two years before the suit was brought. The court charged the jury in substance, that if the defendant in error had not performed his contract, and had built a mill which was of some value, and Whitaker had received it, he was entitled to recover in this form of action so much as the mill was worth, but that if it was worth nothing, Pullen could recover nothing.
It is insisted by the plaintiff-in error, that the evidence shows, *467 that an old mill was torn away, that was worth more than the new one; and that although the new mill was worth something, yet as by the loss of the old mill, he sustained damages to a greater amount, than the value of the new one, such damages ought to have been set-off against the value of the new mill, so that no recovery should have been had against him. It is certainly true, that if the defendant sustained damages by reason of the non-performance of the agreement on the part of the plaintiff, he would be entitled to abate the recovery of plaintiff by such amount. This is clearly settled by this court, in the case of Porter vs. Woods, Stacker & Co.
In that case the court held, that the amount of damages to which the defendant is entitled in abatementof the credit against him in such case, will be the damages, whichhe would be entitled to recover in a cross-action by him against the plaintiff for the non-performance of his portion of the agreement.
But we do not think the proof in the record raises this question. It no where appears that the old mill was standing when Pullen engaged to build the new one, or if it existed at all, it does not appear that it was of any value.
Several witnesses in speaking of the performance of the new mill, say, that it did not grind so well as the old tub-mill had done, but they do not say, nor can we' infer that the' old mill thus valuable had been torn away in consequence of Pullen’s contract to build the new one. So far as we can see from this proof, the .old mill had decayed and become worthless, before the contract to build another was made, and this is doubtless the fact, or direct proof would have been made upon the subject.
We think therefore that as the facts of the case do not raise the -question which counsel now make, there was no obligation upon the court to tell the jury what the law would be in such a case It is the duty of the judge to state the principles of the law tothejurj which are applicable to the facts of the cáse before him, and if ne does this correctly, there is no error.
As to the facts proved in the cause, we cannot pretend to judge whether the amount of damages has been estimated with exact accuracy. There are many witnesses and the statements vary so'much, that an approximation to a just estimate of the *468 value of the work, is all that could be expected. It is enough that there is evidence upon which the verdict maybe supported. In such case we cannot disturb it. Let the judgment be affirmed.